The opinion of the court was delivered by
Bermudez, C. J.
This is an application for a mandamus to compel the respondents to try, on its merits, a case which they have dismissed for want of jurisdiction.
The complaint is that the court has jurisdiction, and that it ought to be made to exercise it, by deciding the merits of the controversy.
It appears that the relator brought a suit to prevent the Gas Light Company from removing.a meter which had been placed in the premises occupied by the club, to measure the quantity of gas consumed, and that in the petition it had been alleged that if the meter was removed the club would sustain .damages exceeding $5000.
The injunction was allowed, but after issue joined was dissolved..
An appeal was then taken by the club to this court, but it was dismissed, for the reason that the amount of damages, susceptible eventually of being sustained, could not exceed $1700, which is less than the lower jurisdictional limit of this court.
The club next took an appeal from the judgment of the District-Court to the Court of Appeals for the Parish of Orleans.
A motion to dismiss this appeal was there made on two grounds:
1. The amount involved [does not exceed one hundred dollars.
*1082 2. If otherwise, it is less than five hundred dollars ($500), and the appeal is not brought up in such manner as to enable the court to pass upon the questions of law, if any, involved therein.'
The Court of Appeals sustained the motion, holding that, were the plaintiff to sustain the apprehended damages, these would not exceed $85, and that if they exceeded $100, they would be less than $500; that in appeals in such cases the jurisdiction of the court was restricted to questions of law, and that .there was no statement of fact, bill of exception or special verdict in the record to justify the court in passing upon the merits of the controversy; that for the failure of the appellant to have complied with the rule of court requiring such statement, bill or verdict, the appeal should be dismissed; and it ordered accordingly.
The relator here now charges:
1. That the damages, if sustained, would exceed $1600.
2. That they surely exceed $100.
3. That, in the first case, the Court of Appeals having jurisdiction over the facts and the law, and the testimony and evidence received below being of record, it should pass upon the merits; and in the second cáse, that the proof being equivalent to the statement of facts required, the rule has been complied with, and the Court of Appeals ■should pass upon the merits as far as they involve questions of law.
The judges of the Court of Appeals have entered appearance in this court, and, in justification of their action, have referred to the original proceedings and the opinions which they have delivered therein on the subject of jurisdiction.
We are under the painful necessity of again announcing (41 An. 1012) that answers in such cases should contain a statement of the reasons for which the relief sought should not be granted, and that .a reference to proceedings should be made only in support of them.
I.
It is clear that the apprehended damages, if sustained, would exceed $100, but be less than $500.
They would consist of $48 per annum from the incipiency of the suit, March 16, 1889, to the termination of the lease of the club to the premises in which the meter was placed, i. e., September 30, 1891, more than two years and six months, which make it some $120.
*1083 ii.
The Constitution, Art. 128, provides that in such cases the Court of Appeals should have jurisdiction over questions of law only.
It is therefore evident that in such cases the appellate court has no jurisdiction over the facts.
The rules which it has established require that in cases of that category there shall be a statement of facts, bills of exception, to enable it to pass upon the questions of law thereby presented.
The substitution of the testimony and evidence received by the District Judge to this required statement of facts does not satisfy the rule.
The Court of Appeals would be called on, in a case in which it has jurisdiction over questions of law alone, to inquire into, ascertain and announce the facts. This would place that class of cases on the same footing with those in which more than $500 is involved, and in which the court is to pass on both the facts and on the law.
The Court of Appeals, in such cases, has jurisdiction to decide questions of law alone on facts found, and not on facts to be found.
The article of the Code of Practice (601) which the relator invokes has reference to a state of things in existence in 1826, and has no bearing on such occurring since 1879, when the jurisdiction of the Court of Appeals, then created for the parish of Orleans, was defined by the Constitution. The code prescribes how cases could be taken on appeal to the Supreme Court, then in existence, which had jurisdiction over both facts and law, and in no way refers to appeals in which questions of law alone can be reviewed.
The theory on which the relator grounds a claim for relief here to show that possible injury exceeds $500, because of previous sayings of this court, lacks all foundation.
When the motion to dismiss was before this court we did not undertake to state what the injury apprehended might amount to, if sustained, because the lease of the clubto the premises, not being in the transcript, its duration could not be ascertained and arguendo we simply considered that, even if it were, it could not implicate the gas company beyond the term of its charter, which had thirty-five years to run, and that in such event the damages could hardly exceed $1700, the inferior limit of an appellate jurisdiction.
*1084 Now, the lease was produced by the relator before the Court of Appeals, and it expires on December 30, 1891.
As already shown, the injury, if any, wpuld be less than $500.
The Court of Appeals properly. declined, to pass on the merits of the case.
It is therefore ordere.d that the application herein be refused with costs.